VERSO LAW GROUP LLP
GREGORY S. GILCHRIST (Cal. Bar No. 111536)
RYAN BRICKER (Cal. Bar No. 269100)
SOPHY J. TABANDEH (Cal. Bar. No. 287583)
PAYMANEH PARHAMI (Cal. Bar No. 335604)
209 Kearny Street, Third Floor
San Francisco, California 94108
Telephone:   (415) 534-0495
Facsimile:    (270) 518-5974
Email:        greg.gilchrist@versolaw.com
              ryan.bricker@versolaw.com
              paymaneh.parhami@versolaw.com
              sophy.tabandeh@versolaw.com

Attorneys for Plaintiff
PATAGONIA, INC.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| PATAGONIA, INC., | Case No. 2:23-cv-06932 |
| Plaintiff, | **COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, COPYRIGHT INFRINGEMENT** |
| v. | |
| MIKE HAMPTON DBA MIKE HAMPTON ART, | **JURY TRIAL DEMAND** |
| Defendant. | |

This lawsuit is necessary to stop Mike Hampton dba "Mike Hampton Art" ("Defendant" or "Mr. Hampton") from infringing, misusing, and trading on Patagonia, Inc.'s famous trademarks and copyrights.  Mr. Hampton sells a range of T-shirts, hats, stickers, and other products bearing deceptively similar and derivative copies of Patagonia's original P-6 logo.  Mr. Hampton previously promised to stop selling these exact designs as part of a settlement agreement with Patagonia to resolve the parties' prior dispute.  However, Patagonia recently discovered that Mr. Hampton either (a) never ceased his sales, or (b) resumed selling these infringing designs notwithstanding his commitments in the agreement.

Examples of Defendant's infringing products follows:



To prevent further damage to Patagonia and its brand, Patagonia alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Patagonia, Inc. ("Patagonia") is a California corporation headquartered at 259 West Santa Clara Street, Ventura, California 93001. Patagonia has been designing, developing, marketing, and selling outdoor apparel, accessories, and active sportswear for nearly fifty years. Patagonia's PATAGONIA brand and P-6 logo are famous in the United States and around the world, and instantly recognized by consumers as a symbol of innovative apparel designs, quality products, and environmental and corporate responsibility.

2. Mike Hampton dba Mike Hampton Art is a California resident, and on information and belief, resides at 58 Tamalpais Road, Berkeley, CA 94708 and conducts business from 206 Broadway, Oakland, CA 94607.

3. Defendant offers, promotes, and sells products throughout the country that infringe Patagonia's intellectual property rights through a variety of channels, including online through his website located at www.MikeHamptonArt.com, Instagram account located at https://www.instagram.com/mikehamptonart/, and

Twitter account located at https://twitter.com/MikeHamptonArt.

4.     Patagonia's trademark claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, *et seq.*).  Patagonia's claims for copyright infringement arise from Defendant's infringement of Patagonia's exclusive rights under the United States Copyright Act (17 U.S.C. §§ 101, *et seq.*).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 17 U.S.C. § 501 (copyright), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121 (Lanham Act).  This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) and 28 U.S.C. § 1332 (diversity).

5.     This Court has personal jurisdiction over Defendant because Defendant has purposefully availed himself of the privilege of doing business in this district. Defendant sells and ships his infringing products to customers in this district. Defendant advertises and promotes his infringing products to purchasers in California and this district through at least www.MikeHamptonArt.com, https://www.instagram.com/mikehamptonart/, and https://twitter.com/MikeHamptonArt, which are all accessible to residents of this district.  Defendant has also directed his conduct into this district, including individually targeting Patagonia, a corporation with its principal place of business in this district, by infringing its trademarks and copyrights.

6.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant infringes Patagonia's intellectual property in this district, transacts business in this district, and a substantial part of the events giving rise to the claims asserted arose in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS
### Patagonia's History

7.     Patagonia was founded in the late 1960s to design and sell climbing

clothes and other active sportswear.  The company adopted the brand "PATAGONIA" to differentiate a related business that designed and manufactured climbing gear and tools.  PATAGONIA was chosen as the trademark to call to mind romantic visions of glaciers tumbling into fjords, jagged windswept peaks, gauchos, and condors.  Since at least 1973, the PATAGONIA brand has appeared on a multi-colored label inspired by a silhouette of the jagged peaks of the Mt. Fitz Roy skyline (the "P-6 logo").

8.     In the nearly-fifty years since Patagonia's business started, the PATAGONIA brand and its P-6 logo have become among the most identifiable brands in the world.  Patagonia's products now include a wide range of apparel products and equipment, including T shirts, hoodies, sweatshirts, and fleece, as well as technical products designed for climbing, skiing and snowboarding, surfing, fly fishing, and trail running, which are sold around the world.

9.     Over the years, Patagonia has been recognized and honored for its business initiatives, including receiving the Sustainable Business Counsel's first "Lifetime Achievement Award."  In 1996, with an increased awareness of the dangers of pesticide use and synthetic fertilizers used in conventional cotton growing, Patagonia began the exclusive use of organically grown cotton and has continued that use for more than twenty years.  It was a founding member of the Fair Labor Association®, which is an independent multi-stakeholder verification and training organization that audits apparel factories.  Additionally, since 1985 Patagonia has pledged 1% of sales to environmental groups to preserve and restore our natural environment, donating more than $100 million to date.  In 2002, Patagonia's founder, Yvon Chouinard, along with others, created a non-profit called 1% For the Planet® to encourage other businesses to do the same.  Today, more than 1,200 member companies have donated more than $150 million to more than 3,300 nonprofits through 1% For the Planet.  In 2012, Patagonia became one of California's first registered Benefit Corporations, ensuring Patagonia could codify

into its corporate charter consideration of its workers, community, and the environment.  In 2016, Patagonia pledged to donate all revenue from sales on Black Friday, donating $10 million to environmental grantees in response to customers' purchases on that day.  In 2018, Patagonia pledged an additional $10 million in grants to environmental groups in response to recent tax cuts given to businesses.  Over the course of two weeks in December 2019, Patagonia matched another $10 million in donations to environmental and other grassroots organizations.  Patagonia's owners recently donated their holdings in the company to support initiatives and innovations addressing climate change

**Patagonia's Trademarks**

10.    Patagonia owns numerous registrations for its distinctive P-6 logo and PATAGONIA trademark, covering a wide-ranging assortment of products.  Among these are the following U.S. trademark registrations:

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA** | 1189402 / Feb. 9, 1982 | Men's and Women's Clothing-Namely, Sweaters, Rugby Shirts, Walking Shorts, Trousers, Jackets, Mittens, Hoods and Rainwear | 08/1974 |
|  | 1294523 / Sept. 11, 1984 | Men's, Women's and Children's Clothing-Namely, Jackets, Pants, Vests, Gloves, Pullovers, Cardigans, Socks, Sweaters, Underwear, Shirts, Shorts, Skirts and Belts | 08/1974-1981 |
|  | 1547469 / July 11, 1989 | Men's, Women's and Children's Clothing- Namely, Jackets, Pants, Shirts, Sweaters, Vests, Skirts, Underwear Tops and Bottoms, Socks, Gloves, Mittens, Hats, Face Masks, Balaclava, Gaiters, Suspenders, and Belts | 08/1974-1981 |

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
|  | 1775623 / June 8, 1993 | Luggage back packs, and all-purpose sports bags | 08/1988 |
| **PATAGONIA** | 1811334 / Dec. 14, 1993 | Luggage, back packs, fanny packs and all-purpose sport bags, footwear, ski bags and ski gloves | 08/1990 |
| **PATAGONIA** | 2260188 / July 13, 1999 | Computerized on-line ordering activities in the field of clothing and accessories; Providing information in the field of technical clothing and accessories for use in recreational, sporting and leisure activities; providing information in the field of existing and evolving environmental issues | 10/1995 |
| **PATAGONIA** | 2662619 / Dec. 17, 2002 | Retail store services featuring clothing, footwear, luggage and a wide variety of sporting goods and accessories | 06/1986 |
| **PATAGONIA** | 5491401 / June 12, 2018 | Reusable bottles sold empty; insulated containers for food or beverage for domestic use; cups, mugs and growlers | 09/2014 |
| **PATAGONIA** | 5561006 / Sept. 11, 2018 | Stickers; paper banners; fiction and non-fiction books on a variety of topics; posters; non-magnetically encoded gift cards; photographs | 12/1991 |

These registrations for the PATAGONIA mark and logos are in full force and effect. The registrations have become incontestable under 15 U.S.C. § 1065. A color image of the P-6 logo follows:

1
2
3
4
5



6   Collectively, these marks, Patagonia's other registered trademarks, and its common

7   law marks are referred to as the "PATAGONIA trademarks."  Patagonia also owns a

8   registered copyright (Registration No. VA 1-801-788) for the P-6 logo.

9         11.    The PATAGONIA trademarks are distinctive, arbitrary and fanciful,

10   entitled to the broadest scope of protection, and certain of the PATAGONIA

11   trademarks are registered worldwide.

12        12.    For many years prior to the events giving rise to this Complaint and

13   continuing to the present, Patagonia annually has spent enormous amounts of time,

14   money, and effort advertising and promoting the products on which its PATAGONIA

15   trademarks are used.  PATAGONIA brand products are advertised in a variety of

16   contexts and media, including in print and on the Internet.  In addition to advertising

17   by Patagonia, the PATAGONIA trademarks are also advertised and promoted and

18   presented at point of sale by numerous retailers.  Consumers, accordingly, are

19   exposed to the PATAGONIA trademarks in a wide range of shopping and post-sale

20   contexts.

21        13.    Patagonia has sold its PATAGONIA brand products all over the world,

22   including throughout the United States and California.  Through its promotion and

23   investment in its brand and extensive sales, publicity, awards, and leadership in

24   sustainable sourcing practices, Patagonia has acquired enormous goodwill in its

25   PATAGONIA trademarks.  The PATAGONIA trademarks are famous within the

26   meaning of the Trademark Dilution Revision Act, enjoy strong consumer

27   recognition, and are recognized around the world and throughout the United States

28   by consumers as signifying high quality products made by a responsible company.

**Defendants' Infringement of Patagonia's Rights**

14.    In blatant disregard of Patagonia's rights in the PATAGONIA trademarks—and without authorization from Patagonia—Defendant has promoted, offered for sale, and sold products, including shirts, hats, and stickers, bearing designs and logos that are deceptively similar to and derivative of the P-6 logo.

15.    Mr. Hampton is and has been misappropriating the P-6 logo as his own source identifier by using it in a number of contexts, including by copying it in combination with terms and design elements that are the property of Lucasfilm, and by using imitations of the logo in connection with city and event names, such as NOLA and Burning Man.  Examples are below.



COM
CASE NO. 2:23-cv-06932

1
2
3
4
5
6
7
8
9
10
11
12



13
14
15
16
17
18
19
20
21
22
23



24 These designs and logos, and the products bearing them, are referred to as

25 Defendant's "Infringing Designs."

26      16.     Consumers inevitably will assume that Patagonia has endorsed or

27 authorized the Infringing Designs, because Mr. Hampton has sold and is selling

28 these products alongside logos and designs that copy well-known sports teams and

COMPLAINT
CASE NO. 2:23-cv-06932

their logos, each of which is either genuinely licensed or potentially counterfeit. Examples are below.











17.    The Infringing Designs are deceptively similar to and derivative of the P-6 logo artwork and registered P-6 logo trademarks.  Defendant's products bearing the Infringing Designs are identical to and compete directly with goods sold by Patagonia, including shirts, hats, and stickers.

18.    Defendant's use of the Infringing Designs has caused or will cause a likelihood of confusion among consumers regarding the source of Defendant's products, and whether Patagonia has sponsored, licensed, authorized, or is somehow affiliated with the Defendant.

19.    Defendant began using the Infringing Designs long after the PATAGONIA trademarks became famous.  The Infringing Designs have caused or are likely to cause dilution of Patagonia's famous and distinctive marks by diminishing their distinctiveness and singular association with Patagonia.  Patagonia has no alternative but to protect its goodwill and famous trademark by obtaining an injunction against Defendant's further use of the derivative trademark and designs.

20.    Patagonia is informed and believes that Defendant has marketed and sold substantial quantities of products bearing the Infringing Designs, and has profited and continues to profit from such sales.

21.    There is no doubt that Defendant's conduct has been willful.  Patagonia raised concerns about Mr. Hampton's use of the Infringing Designs – each of which constitutes a mark or logo that copies the PATAGONIA trademarks as part of Mr. Hampton's own branding – in 2022.  To settle that dispute, and in exchange for Patagonia's agreement not to proceed with a lawsuit at that time, Mr. Hampton entered a settlement agreement with Patagonia on December 23, 2022, through which he promised to refrain from producing, promoting or selling the Infringing Designs.  Mr. Hampton resumed selling these same exact designs at least as early as July 25, 2023.  On information and belief, Mr. Hampton's resumed sales have been made in-person in an attempt to avoid detection by Patagonia (e.g., San Diego Comic Con).

22.    Defendant's actions have caused and will cause Patagonia irreparable harm for which money damages and other remedies are inadequate.  Unless Defendant is restrained by this Court, Defendant will continue expanding his illegal activities and otherwise continue to cause irreparable damage and injury to Patagonia by, among other things:

a.    Depriving Patagonia of its statutory rights to use and control use of its trademark;

b.    Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the infringing products;

c.    Causing the public falsely to associate Patagonia with Defendant and/or his products;

d.    Causing the public falsely to believe Patagonia has collaborated with Defendant, entered a co-branding relationship with Defendant, or is otherwise associated with Defendant and/or his products;

e.    Causing incalculable and irreparable damage to Patagonia's goodwill and diluting the capacity of its famous PATAGONIA trademarks to differentiate its products from those of its competitors;

f.    Causing incalculable and irreparable damage to Patagonia's licensing and collaboration programs, and to Patagonia's ability to control its brand partnerships and to associate itself with entities who are specifically aligned to Patagonia's company mission; and

g.    Causing Patagonia to lose sales of its genuine PATAGONIA products.

23.    Accordingly, in addition to other relief, Patagonia is entitled to injunctive relief against Defendant.

/ / /

/ / /

/ / /

COMPLAINT
CASE NO. 2:23-cv-06932

## FIRST CLAIM

## FEDERAL TRADEMARK INFRINGEMENT

## (15 U.S.C. §§ 1114-1117)

24.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 23 of this Complaint.

25.    Defendant has used, in connection with the sale, offering for sale, distribution, or advertising of his products bearing the Infringing Designs, words and symbols that infringe upon Patagonia's PATAGONIA trademarks.

26.    These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.  Defendant's willfulness is displayed in his decision to sell infringing products just months after executing a settlement agreement through which Defendant agreed to cease use of those exact designs.

27.    As a direct and proximate result of Defendant's conduct, Patagonia is entitled to recover up to treble the amount of Defendant's unlawful profits and Patagonia's damages and an award of attorneys' fees under 15 U.S.C. § 1117(a).

28.    Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendant to stop use of the Infringing Designs, and any other mark or design similar to the PATAGONIA trademarks.

## SECOND CLAIM

## FEDERAL UNFAIR COMPETITION

## (False Designation of Origin and False Description – 15 U.S.C. § 1125(a))

29.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 28 of this Complaint.

30.    Defendant's conduct as alleged in this Complaint constitutes the use of symbols or devices tending falsely to describe the infringing products, within the meaning of 15 U.S.C. § 1125(a)(1).  Defendant's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection,

association, origin, sponsorship, or approval of the infringing products to the detriment of Patagonia and in violation of 15 U.S.C. § 1125(a)(1).

31.   As a direct and proximate result of Defendant's conduct, Patagonia is entitled to recover up to treble the amount of Defendant's unlawful profits and Patagonia's damages, and an award of attorneys' fees under 15 U.S.C. § 1117(a).

32.   Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendant to stop use of the Infringing Designs, and any other mark or design similar to the PATAGONIA trademarks.

### THIRD CLAIM

### FEDERAL DILUTION OF FAMOUS MARK

### (Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c))

33.   Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 32 of this Complaint.

34.   Patagonia's PATAGONIA trademarks (including the P-6 logo) are distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and were famous prior to Defendant's adoption of the Infringing Designs.

35.   Defendant's conduct is likely to cause dilution of Patagonia's PATAGONIA trademark by diminishing its distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

36.   As a direct and proximate result of Defendant's conduct, Patagonia is entitled to recover up to treble the amount of Defendant's unlawful profits and Patagonia's damages, and an award of attorney's fees under 15 U.S.C. §§ 1116(a), 1117(a), and 1125(c).

37.   Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c) that requires Defendant to stop use of the Infringing Designs, and any other mark or design similar to the PATAGONIA trademarks.

/ / /

## FOURTH CLAIM

## FEDERAL COPYRIGHT INFRINGEMENT

### (17 U.S.C. §§ 101, *et seq.*, and 17 U.S.C. §§ 501, *et seq.*)

38.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 37 of this Complaint.

39.     Patagonia owns the copyright in its P-6 logo, which is federally registered and was registered prior to Defendant's copying.

40.     Defendant has copied, advertised, offered for sale, and/or sold substantially similar copies of the P-6 logo without Patagonia's authorization or permission and in violation of Patagonia's exclusive rights in its copyright.

41.     Defendant's unlawful reproduction, advertisement, distribution, and/or sale of Patagonia's proprietary design constitutes copyright infringement.  Patagonia alleges that Defendant acted intentionally and in bad faith when he reproduced Patagonia's copyrighted work (in identical or substantially similar form), and advertised, distributed, displayed, and/or sold products bearing the Infringing Designs.

42.     Defendant's infringement alleged herein has caused and, if not enjoined, will continue to cause Patagonia to suffer irreparable harm for which there is no adequate remedy at law, and has also caused damage to Patagonia in an amount which cannot be accurately computed at this time but will be proven at trial.

43.     As a direct and proximate result of Defendant's conduct, Patagonia is entitled to injunctive relief, as well as actual damages and any profits earned by Defendant as a result of his infringements, or statutory damages of up to $150,000 for each work infringed, at Patagonia's election, pursuant to 17 U.S.C. § 504.

/ / /

/ / /

/ / /

/ / /

# FIFTH CLAIM

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
## UNDER CALIFORNIA STATUTORY LAW

**(Cal. Bus. & Prof. Code §§ 14200 *et seq.*; Cal. Bus. & Prof. Code § 17200 *et seq.*)**

44.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 43 of this Complaint.

45.    Patagonia is the owner of numerous registrations for the PATAGONIA trademarks, as well as common law rights in those marks.

46.    Defendant is using a design that infringes upon Patagonia's PATAGONIA trademarks without the consent of Patagonia and in connection with the sale, offering for sale, distribution, or advertising of his products bearing the Infringing Designs.

47.    Defendant's infringement of Patagonia's PATAGONIA trademarks is likely to cause confusion, mistake, and deception as to the source of the origin of Defendant's offerings.

48.    Defendant uses the Infringing Designs to enhance the commercial value of Defendant's offerings.

49.    Defendant's acts violate Patagonia's trademark rights under California Business & Professions Code §§14245 *et seq.*

50.    Defendant's conduct as alleged in this Complaint also constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code §§ 17200 *et seq.*

51.    Patagonia is entitled to monetary damages and injunctive relief prohibiting Defendant from using the Infringing Designs, or any other mark or design that is likely to be confused with the PATAGONIA trademarks.

52.    Without injunctive relief, Patagonia has no means by which to control

the continuing injury to its reputation and goodwill or that of its PATAGONIA trademarks.  Patagonia has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia if it loses the ability to control its marks.

53.    Because Defendant's actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to treble the amount of Defendant's unlawful profits and Patagonia's damages under California Business & Professions Code § 14250.

## SIXTH CLAIM

## TRADEMARK DILUTION UNDER CALIFORNIA LAW

### (Cal. Bus. & Prof. Code § 14247)

54.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 53 of this Complaint.

55.    Patagonia owns valid and protectable rights in its PATAGONIA trademarks (including the P-6 logo).

56.    The PATAGONIA trademarks—registered marks in the state of California—are distinctive and famous within the meaning of the California Model State Trademark Law, Cal. Bus. & Prof. Code § 14247, in that it is a household brand in California, and were famous prior to Defendant's adoption of the Infringing Designs.

57.    Defendant's acts are likely to dilute the distinctive quality of the PATAGONIA trademarks.  Defendant's acts therefore constitute trademark dilution under California Business & Professions Code § 14247, the analogous statutes of other states, and under California common law.

58.    Patagonia is entitled to monetary damages and injunctive relief prohibiting Defendant from using the Infringing Designs, and any other mark or design similar to the PATAGONIA trademarks.  Without injunctive relief, Patagonia has no means by which to control the continuing dilution of the

1   PATAGONIA trademarks.  Patagonia has been and will continue to be irreparably

2   harmed.  No amount of money damages can adequately compensate Patagonia for

3   such harm.

4       59.   Because Defendant's actions have been committed willfully,

5   maliciously, and intentionally, Patagonia is entitled to treble the amount of

6   Defendant's unlawful profits and Patagonia's damages under California Business &

7   Professions Code § 14250.

8   **<u>SEVENTH CLAIM</u>**

9   **<u>TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW</u>**

10      60.   Patagonia realleges and incorporates by reference each of the allegations

11  contained in paragraphs 1 through 59 of this Complaint.

12      61.   Patagonia owns valid and protectable rights in its PATAGONIA

13  trademarks at common law.

14      62.   Defendant's conduct is likely to cause confusion, to cause mistake, or to

15  deceive as to the source of goods offered by Defendant, or as to affiliation,

16  connection, association, sponsorship, or approval of such goods and services, and

17  constitutes infringement of Patagonia's PATAGONIA trademarks at common law.

18      63.   Defendant infringed Patagonia's PATAGONIA trademarks with

19  knowledge and intent to cause confusion, mistake, or deception.

20      64.   Defendant's conduct is aggravated by that kind of willfulness, wanton-

21  ness, malice, and conscious indifference to the rights and welfare of Patagonia for

22  which California law allows the imposition of exemplary damages.

23      65.   As a direct and proximate result of Defendant's activities, Patagonia has

24  suffered substantial damage.

25      66.   Unless restrained and enjoined, the conduct of Defendant will further

26  impair the value of the PATAGONIA trademarks and Patagonia's business

27  reputation and goodwill.  Patagonia has no adequate remedy at law.

28      67.   Patagonia is entitled to monetary damages and injunctive relief

prohibiting Defendant from using the Infringing Designs, and any other mark or design similar to the PATAGONIA trademarks.

68.   Without injunctive relief, Patagonia has no means by which to control the continuing injury to its reputation and goodwill or that of its PATAGONIA trademarks.  Patagonia has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia if it loses the ability to control its marks.

69.   Because Defendant's actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to recover reasonable attorneys' fees and compensatory and punitive damages.

## EIGHTH CLAIM

## BREACH OF CONTRACT UNDER CALIFORNIA COMMON LAW

70.   Patagonia Realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 68 of this Complaint.

71.   Through the parties' settlement agreement, Defendant represented that he stopped selling products bearing the designs that are the subject of this complaint as of December 23, 2022, and agreed not to use the Infringing Designs or any other designs that are "identical or similar to Patagonia's trademarks."  Defendant made these commitments in exchange for, and to induce, Patagonia's agreement to refrain from pursuing its claims against Defendant at that time.

72.   As a result of Defendant's breach of the agreement, Patagonia has suffered damages and, in reliance of Defendant's promises, declined to seek further relief that otherwise would have stopped Defendant's ongoing infringement and dilution of Patagonia's marks, and infringement of Patagonia's copyrighted work.

73.   Patagonia is entitled to damages caused by Defendant's promises, as well as other damages based on the terms of the parties' prior agreement.

## PRAYER FOR JUDGMENT

WHEREFORE, Patagonia prays that this Court grant it the following relief:

COMPLAINT
CASE NO. 2:23-cv-06932

- 19 -

1.     Adjudge that Defendant has infringed the PATAGONIA trademarks in violation of Patagonia's rights under 15 U.S.C. § 1114;

2.     Adjudge that Defendant has infringed the PATAGONIA trademarks in violation of California statutory law;

3.     Adjudge that Defendant has infringed Patagonia's common law rights in the PATAGONIA trademarks;

4.     Adjudge that Defendant has competed unfairly with Patagonia in violation of Patagonia's rights under 15 U.S.C. § 1125(a);

5.     Adjudge that Defendant has competed unfairly with Patagonia in violation of California statutory law;

6.     Adjudge that Defendant's activities are likely to dilute Patagonia's famous PATAGONIA trademarks in violation of Patagonia's rights under 15 U.S.C. § 1125(c) and/or California law;

7.     Adjudge that Defendant has infringed Patagonia's copyright rights in its P-6 design;

8.     Adjudge that Defendant and his agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

a.     Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that display any words or symbols that so resemble the PATAGONIA trademarks as to be likely to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for Patagonia, including, without limitation, any product or service that bears the Infringing Designs, or any other approximation of Patagonia's trademarks;

b.     Using any word, term, name, symbol, device, or combination

1   that causes or is likely to cause confusion, mistake, or deception as to the affiliation

2   or association of Defendant or his products with Patagonia, or as to the origin of

3   Defendant's goods, or any false designation of origin, false or misleading

4   description or representation of fact, or any false or misleading advertising, or likely

5   dilution of the PATAGONIA trademark;

6            c.    Further infringing the rights of Patagonia in and to its

7   PATAGONIA trademarks, or otherwise damaging Patagonia's goodwill or business

8   reputation;

9            d.    Further diluting the famous PATAGONIA trademarks;

10           e.    Otherwise competing unfairly with Patagonia in any manner;

11           f.    Further infringing Patagonia's copyright rights in its P-6 logo

12   design, including by reproducing, distributing, or displaying such logo or any other

13   logo or design that is substantially similar to the P-6 logo; and

14           g.    Continuing to perform in any manner whatsoever any of the

15   other acts complained of in this Complaint;

16       9.    Adjudge that Defendant is prohibited from applying to register any

17   trademark or service mark which is likely to be confused with, or that dilutes the

18   distinctive quality of, Patagonia's PATAGONIA trademarks;

19       10.    Adjudge that Defendant be required immediately to deliver to

20   Patagonia's counsel his entire inventory of infringing products, including without

21   limitation, patches and any other products, packaging, labeling, advertising and

22   promotional material, and all plates, patterns, molds, matrices, files, data, and other

23   material for producing or printing such items, that are in their possession or subject

24   to their control and that infringe Patagonia's trademarks as alleged in this

25   Complaint;

26       11.    Adjudge that Defendant, within thirty (30) days after service of the

27   Court's judgment, be required to file with this Court and serve upon Patagonia's

28   counsel a written report under oath setting forth in detail the manner in which he has

1   complied with the judgment;

2       12.    Adjudge that Patagonia recover from Defendant its damages and lost

3   profits, and Defendant's profits in an amount to be proven at trial;

4       13.    Adjudge that Defendant be required to account for any profits that are

5   attributable to his illegal acts, and that Patagonia be awarded (1) Defendant's profits

6   and (2) all damages sustained by Patagonia, under 15 U.S.C. § 1117, plus

7   prejudgment interest;

8       14.    Adjudge that the amounts awarded to Patagonia pursuant to 15 U.S.C.

9   § 1117 shall be trebled;

10       15.    Adjudge that Patagonia recover from Defendant its damages based on

11   Defendant's copyright infringement, or statutory damages at Patagonia's election;

12       16.    Order an accounting of and impose a constructive trust on all of

13   Defendant's funds and assets that arise out of his infringing, dilutive activities;

14       17.    Adjudge that Patagonia be awarded its costs and disbursements

15   incurred in connection with this action, including Patagonia's reasonable attorneys'

16   fees and investigative expenses; and

17       18.    Adjudge that all such other relief be awarded to Patagonia as this Court

18   deems just and proper.

19   DATED:  August 23, 2023      Respectfully submitted,

20                          VERSO LAW GROUP LLP

21

22                       By:  */s/ Ryan Bricker*

23                            GREGORY S. GILCHRIST

                               RYAN BRICKER

24                            SOPHY J. TABANDEH

                               PAYMANEH PARHAMI

25

26                       Attorneys for Plaintiff

                       PATAGONIA, INC.

27

28

## **DEMAND FOR JURY TRIAL**

Patagonia, Inc. demands that this action be tried to a jury.

DATED:  August 23, 2023          Respectfully submitted,

VERSO LAW GROUP LLP


By:   */s/ Ryan Bricker*
RYAN BRICKER

Attorneys for Plaintiff
PATAGONIA, INC.